UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                  Case No. 18-46912

GARY A BOATNER,                                         Chapter 13

                Debtor.                       Judge Thomas J. Tucker
_____/

**ORDER DENYING THE DEBTOR'S MOTION
TO EXTEND THE AUTOMATIC STAY**

      This case is before the Court on a motion filed by the Debtor on May 10, 2018, entitled "Motion to Extend Automatic Stay Under 11 [U.S.C.] § 362(c)(3)(B)" (Docket # 7, the "Motion"). The Court must deny the Motion, because it is now too late for the Court to comply with the 30-day hearing deadline of 11 U.S.C. § 362(c)(3)(B).

      Under 11 U.S.C. § 362(c)(3)(B), in order for the Court to extend the automatic stay, a hearing on a motion to extend the automatic stay must be completed within 30 days after the filing of the case. Because of the statute's 30-day hearing deadline, L.B.R. 4001-4(a) (E.D. Mich.) requires that a motion to extend the stay be filed and served within seven days after the bankruptcy petition is filed. L.B.R. 4001-4(a) provides further: "When such a motion is filed, the court will schedule a hearing with a notice to all parties in interest. **If the movant has not received a notice of hearing within seven days after filing the motion, the movant may contact the judge's courtroom deputy clerk to obtain a hearing date within the time limit established by law.**" (Emphasis added).

      On May 10, 2018, the Debtor filed his voluntary petition for relief under Chapter 13 in this case and also filed, among other documents, the Motion. Although the Motion was timely filed and served, the Court did not schedule a hearing on the Motion to be held within 30 days

after the petition date. This was due to an unfortunate clerical error. The Court regrets such error, but notes that this type of error is extremely rare.

The Court also notes that this problem could have been avoided, if the Debtor's counsel had, as suggested by L.B.R. 4001-4(a), contacted the undersigned judge's courtroom deputy to obtain a hearing date, once he did not receive a notice of hearing within seven days after filing the Motion. In this case, the Debtor's counsel did not contact the courtroom deputy about a hearing date until June 20, 2018, which was 41 days after the petition date and the date of filing of the Motion. Because the 30-day deadline had already passed by the time the Debtor's counsel contacted the courtroom deputy, it was then impossible to conclude a hearing on the Motion within the required 30-day period, and the Motion must be denied.

Accordingly,

IT IS ORDERED that the Motion (Docket # 7), is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the Debtor's right to seek confirmation of a plan in this case that imposes an injunction that is the equivalent of the automatic stay under 11 U.S.C. § 362(a). *See, e.g., In re Garcia*, Case No. 17-54587 (Order Confirming Plan, filed April 12, 2018, Docket # 70); *see generally* 11 U.S.C. § 1322(b)(11); Fed. R. Bankr. P. 7001(7).

**Signed on June 21, 2018**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge